**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WES MULLINGS, <br><br> Plaintiff, <br><br> v. <br><br> RY MANAGEMENT CO., INC., *et al.*, <br><br> Defendants. | Civil Action No.: 16-5492 (CCC) <br><br> **OPINION** |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the Court's *sua sponte* inquiry into issues of subject matter jurisdiction. For the reasons set forth below, the Court lacks subject matter jurisdiction over this matter and must dismiss the complaint.

II. **BACKGROUND**

1. On September 12, 2016 Plaintiff Wes Mullings ("Plaintiff" or "Mullings") filed a complaint (the "Complaint") and accompanying application to proceed *in forma pauperis* in the instant matter. ECF Nos. 1, 1-1. Plaintiff was granted leave to proceed *in forma pauperis* (ECF No. 2) and Defendant Ry Management Company ("Defendant Ry") filed an answer on January 4, 2017 (ECF No. 16). Plaintiff's Complaint alleges that his apartment in Orange, New Jersey, was constantly inundated with cigarette smoke that came from a neighboring apartment. ECF No. 1 at 3. Plaintiff alleges that the cigarette smoke led to consistent coughing on his part and fear that he could develop serious illnesses stemming from the cigarette smoke. Id. at 4. Plaintiff further

1

stated that he could have possible future health issues which interfere with his right to "Life, Liberty, and the Pursuit of happiness," and has been unable to sleep in his bedroom. Id. Plaintiff claims damages of $5 million based on his contributions to society and humanity at large. Id. Plaintiff was granted leave to file an amended complaint on August 21, 2017 (ECF No. 25) and pursuant to a scheduling order filed an amended pleading (the "Amended Complaint") on April 25, 2018 (ECF No. 35).

## III. LEGAL STANDARD

### Article III Standing

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). One key aspect of this case-or-controversy requirement is standing. *Id.* at 439. "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (citing *Davis v. FEC*, 554 U.S. 724, 734 (2008)).

To establish standing, a plaintiff must satisfy a three-part test, showing: "(1) an 'injury in fact,' *i.e.*, an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, *i.e.*, traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *Nat'l Collegiate Athletic Ass'n v. Gov. of N.J.*, 730 F.3d 208, 218 (3d Cir. 2013) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Standing must exist at the time a suit is first filed, and must persist throughout the life of the suit. *Residences at Bay Point*

*Condominium Ass'n v. Standard Fire Ins. Co.*, 641 F. App'x 181, 183 (3d Cir. 2016) (internal citations and quotation marks omitted) ("Although most cases that involve a question of standing consider whether a plaintiff satisfies the standing requirement at the time of filing suit, Article III demands that an actual controversy persist throughout all stages of litigation.")

## IV. DISCUSSION

It is well-settled law that "federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation." *Okpor v. Dabo*, 2019 WL 1714456, at * 1 (D.N.J. Apr. 17, 2019) (citing *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) and *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015)). The Court finds that it lacks subject matter jurisdiction over the present case because Plaintiff did not allege in his Complaint or Amended Complaint that he had been injured by exposure to smoke in his apartment at the time of filing and admits that no laws have been violated by other residents' acts of smoking in their own apartments. ECF No. 60-1 at 12 (Defendants summarizing Plaintiff's deposition testimony) ("And despite the exposure to second- and third-hand smoke, Plaintiff admits that he is in good health. . . . He further admits that he has not been injured from the smoke and that he suffers from no lung-related diseases. In fact, Plaintiff has sought no medical assistance or treatment for smoke inhalation."). Plaintiff admits that he was not aware of any injury from secondhand smoke at the time he filed his lawsuit. *See* ECF No. 61 at 2 ("I was unaware of injury & damages done by 2nd & 3rd hand smoke but now assert this has been the case."). Plaintiff has also failed to allege any other plausible injury from his exposure to secondhand smoke as he concedes residents are legally permitted to smoke in their own apartments. Id. ("While I concede that 'there is no such prohibition on smoking in one's own

3

apartment unit' that needs to change because Oakwood Towers is in serious violation of building codes [as] the spread of fire and smoke throughout the building is an accident waiting to happen.").

Although Plaintiff now claims he has obtained evidence of injuries stemming from his exposure to secondhand smoke, this does not cure the lack of injury in fact at the time of filing. Injury in fact is necessary to bring a federal lawsuit. As Plaintiff admittedly had no injury in fact at the time he filed this lawsuit, and admits that the conduct complained of does not violate state or federal law, he cannot proceed with this suit as filed because he lacks standing. *See Reisinger v. Seneca Specialty Ins. Co.*, No. 07-1221, 2011 WL 2433681, at *5 (M.D. Pa. June 14, 2011) (internal quotation marks and citations omitted) ("Standing is determined as of the time the action is brought. . . . It is commonly said that standing must exist at the time an action is filed. Post-filing events that supply standing that did not exist on filing may be disregarded.").[1]

## V. CONCLUSION

For the reasons stated above, the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint within thirty (30) days of entry of this Opinion that addresses the deficiencies identified in this Opinion. An appropriate Order accompanies this Opinion.

DATED: December 20th, 2019

CLAIRE C. CECCHI, U.S.D.J.

---

[1] Additionally, the Court believes that an amended complaint would be beneficial in this matter given changes in the underlying facts during the pendency of the case, such as the new policy on smoking in the apartment building, Plaintiff's updated medical records, and the alleged cessation of smoking in apartment 11L. *See* ECF No. 62 at 2, 4-6.